Robert Edward SWAIN and Becky Swain, his wife, and Duane Swain, a minor, by Becky Swain, his guardian, and Tina Swain, a minor, by Becky Swain, her guardian, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 75–1466H.

United States District Court, W. D. Pennsylvania.

Feb. 27, 1979.

Avram G. Adler, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiffs.

Carl A. Eck, Meyer, Darragh, Buckler, Bebenek & Eck, Harry W. Miller, Miller & Sherman, Pittsburgh, Pa., for defendant.

---

## OPINION

DIAMOND, District Judge.

In this diversity action plaintiffs seek to recover damages for injuries allegedly arising out of an automobile accident which occurred on August 12, 1973. Plaintiffs contend that the cause of the accident was a defective motor mount on their automobile, which was manufactured by the defendant, and seek recovery on theories of negligence and breach of warranty. Defendant denies that the motor mount was improperly designed or breached any warranties and, in the alternative, alleges that plaintiffs were guilty of contributory negligence and assumption of the risk.

We have under consideration plaintiffs' "Motion To Compel Answers To Plaintiffs' Supplemental Interrogatories And/Or To Produce Various Documents." At oral argument the court disposed of the motion as to all matters except those involving supplemental interrogatories 17, 53, 111–117, 130, and 172–174. For the reasons set forth below, we now grant the motion as to those.

At the time of accident, plaintiffs were riding in a 1970 Chevrolet Chevelle Malibu equipped with interlocking motor mounts designated as G.M. Part No. 3974735. Plaintiffs allege that the motor of their vehicle broke loose because of a defect in these motor mounts and that as a result it became impossible to brake or steer the vehicle which consequently left the highway and collided with a tree causing the injuries for which they now seek to recover.

Plaintiffs contend that motor mount No. 3974735 was introduced in model year 1970 to replace an earlier mount, one designated G.M. Part No. 3777409, which was defective, but that some of the problems which had led to the replacement of mount No. 3777409 were not completely eliminated by No. 3974735 and that these remaining defects were at least partially responsible for the instant accident. They seek information concerning engine mount No. 3777409 and certain earlier versions through the disputed interrogatories and argue that such discovery is necessary to assess the evolu-

tion of these mounts, to determine in what way, if any, No. 3974735 differs from No. 3777409, the recalled mount, as well as to obtain information of defendant's specific knowledge thereof, all of which factors plaintiffs contend are significant and relevant to the subject matter of this case under Rule 26(b)(1), Fed.R.Civ.P.

The defendant objects to the interrogatories on the ground that they are irrelevant because they relate to engine mounts which are of an earlier and different model than the ones on plaintiffs' vehicle. The defendant's argument appears to be, in effect, that unless the motor mounts concerning which the plaintiffs seek discovery are *identical* to those involved in this suit they are not subject to discovery under the above rule. Defendant cites in support of this position the case of *Uitts v. General Motors Corp.,* 62 F.R.D. 560 (E.D.Pa.1974), which in turn relied on *Prashker v. Beach Aircraft Corp.,* 258 F.2d 602 (3 Cir. 1958).

We believe that *Uitts* and *Prashker* are to be distinguished from the case at bar. In *Uitts the defendant presented evidence* which plaintiff did not controvert from which the court could, and did, make a determination that the object as to which discovery was sought was so dissimilar to the subject matter before the court that the desired discovery was not relevant to the subject matter of the pending action and was not reasonably calculated to lead to the discovery of admissible evidence.

In *Prashker,* where plaintiffs sought to recover damages as a result of the crash of an airplane manufactured by defendant, the Third Circuit upheld the District Court's refusal *to admit at trial* accident reports involving four earlier models of the aircraft in question in that case. In doing so, the Circuit held that the exclusion was justified *since the evidence* "permitted the trial court to regard the first and fifth [the plane in suit] planes as *dissimilar* aircraft. Evidence of accidents in the first model would not have been sufficiently material to the cause of accidents in the fifth model to require its admission." (emphasis supplied). *Prashker* p. 608.

700

Rule 26(b)(1), Fed.R.Civ.P. provides in part that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . .. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

It appears to us on its face, considering the liberal discovery permitted by Rule 26(b)(1) and the broad definition of relevance under Rule 401 of the Federal Rules of Evidence, that the information sought concerning prior motor mounts, particularly as to one which was subject to recall because of a defect, is clearly relevant to the subject matter of this suit, and, moreover, reasonably calculated to lead to admissible evidence on the issues of notice, causation, and, as plaintiffs suggest, on the question of whether or not prior defects of which the defendant was aware and which caused the defendant to recall the earlier mounts were completely eliminated by the subsequent mounts. And while it is undoubtedly true that there are some dissimilarities between the earlier and later motor mounts, we have no way of knowing on the record before us what those differences are or whether or not they are material differences.

As we pointed out above, the courts in *Uitts* and *Prashker* had information from which they could make a determination that the objects sought to be discovered or introduced into evidence were so dissimilar to those involved in the pending action as to be "irrelevant". Here, the plaintiffs having made a prima facie showing of the relevancy for discovery purposes at least of the information which they sought, we believe it then became incumbent on the defendant which argued irrelevancy because of alleged dissimilarity and which presumably had the means to demonstrate this, to come forward and do so. The defendant did so in *Uitts,* it did not do so here. And we are left with what appears to be an entirely logical conclusion that the discovery sought is relevant to the subject matter of the pending action. Accordingly, the motion to compel relative

to supplemental interrogatories 17, 53, 111–117, 130, 172–174 will be granted.